Filed 8/28/20  P. v. Cardenas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058311 |
| v. | (Super. Ct. No. 07CF2192) |
| MARCOS JAVIER CARDENAS | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger.  Affirmed.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, and Annie Featherman Fraser, Deputy Attorney General, for Plaintiff and Respondent.

We appointed counsel to represent Marcos Javier Cardenas on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on Cardenas's behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised one issue: (1) did the trial court err by failing to appoint counsel to represent Cardenas pursuant to Penal Code section 1170.95, subdivision (c)? We gave Cardenas 30 days to file written argument on his own behalf. Thirty days have passed, and Cardenas has not filed any written argument.

Upon our independent review of the record as required by *Wende* and at counsel's suggestion pursuant to *Anders*, we identified an issue which, if resolved favorably to appellant, could result in reversal of the judgment. We invited the parties to file supplemental letter briefs addressing the question of whether under the facts of this case, did the court err by failing to appoint counsel after Cardenas requested the court appoint counsel for him during the resentencing process. We determined Cardenas was not entitled to counsel and found no other arguable issues on appeal. We affirm the judgment.

In 2008, an information charged Cardenas, and codefendants Joseph Anthony Oceguera and Santos J. Gomez, with the murder of Rogelio Briseno Borjas (Pen. Code, § 187, subd. (a), count 1)[2] with special circumstances of felony murder/robbery (§ 190.2, subd. (a)(17)(A)), and murder committed to further the activities of a criminal street gang (§ 190.2, subd. (a)(22)), and street terrorism (§ 186.22, subd. (a), count 2). As to count 1, the information alleged that in the commission of the murder a principal intentionally discharged a firearm causing death (§ 12022.53, subd. (d), (e)(1)), and the offense was committed for the benefit of a criminal street gang.

One summer afternoon in 2007, Borjas was watching a movie with his wife and son when an intruder entered the home and fired a shot into the ceiling. Borjas's wife quickly grabbed their son and ran out of the house. Once she made sure their son was safely outside, she went back inside the house. From behind a wall, she watched her husband wrestle with the intruder. The family dog bit the man in the leg, and Borjas managed to knock the assailant's gun to the ground. However, Borjas tripped over a rug and fell to the floor. His wife saw the hand, arm, and gun of a second intruder come around the front door and fire several shots. The first intruder retrieved his gun and shot Borjas several times before both assailants fled the scene. Borjas died as a result of multiple gunshot wounds. Gomez was arrested within days of the murder. Gomez said he had been an involuntary wheelman in the crime and identified Cardenas and Oceguera

---

[1] The facts are presented in greater detail in this court's prior nonpublished opinion. (*People v. Oceguera et al.* (Nov. 30, 2012, G045222) [nonpub. opn.].)

[2] All further statutory references are to the Penal Code, unless otherwise indicated.

as the shooters. Two weeks later, Borja's wife identified Cardenas as the first intruder and the person who shot her husband.

At trial, under a grant of immunity, Gomez testified that about 10 minutes after he dropped Cardenas and Oceguera off at the victim's residence, he saw Cardenas draw his gun and push his way into the victim's home. Gomez then heard several gunshots before the two men ran back to the car. As the car sped off, Gomez noticed blood on Cardenas' shirt, pants, and shoes. Cardenas told Gomez that a dog bit him.

The trial court instructed the jury it could find Cardenas guilty of first degree murder with malice aforethought and under the theory of felony murder. The jury found Cardenas guilty of first degree murder and found true the gang special circumstance allegation and the firearm allegation. But the jury found the felony-murder special circumstance not true.

In August 2019, Cardenas filed his section 1170.95 petition. The petition included a request the trial court appoint counsel for Cardenas. On the same day the petition was filed, the court in chambers, with no party present and without appointing counsel for Cardenas, denied the petition for resentencing on the ground Cardenas "does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors." Cardenas filed a timely notice of appeal.

DISCUSSION

We apply a de novo standard of review to a lower court's denial of a defendant's section 1170.95 petition. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, fn. 8, review granted Mar. 18, 2020, S260493 (*Verdugo*); cf. *People v. Blackburn* (2015) 61 Cal.4th 1113, 1123 [statutory construction questions reviewed de novo].)

Section 1170.95 , subdivision (a), allows those "convicted of *felony murder* or murder under a natural and probable consequences theory . . . [to] file a petition with

4

the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a), italics added.)  Section 1170.95, subdivision (c), provides a trial court upon receiving such a petition shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  "A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.

Here, the minute order was not specific, but we infer the trial court found Cardenas was statutorily ineligible for relief because he was not convicted of murder based on a felony murder theory of liability.

In his supplemental letter brief, Cardenas asserts that in determining whether petitioner has made a prima facie showing of eligibility for relief, the trial court is limited to a review of the petition only.  For this assertion Cardenas relies on the dissent in *People v. Tarkington* (2020) 49 Cal.App.5th 892 (dis. opn. of Lavin, J.) (*Tarkington*).  The Attorney General counters relying on *Verdugo*, in which the court held the petitioner's ineligibility for resentencing under section 1170.95 can be established as a matter of law from the record.  (*Verdugo, supra,* 44 Cal.App.5th at p. 333.)  We conclude the Attorney General has the better argument.

If the record of conviction before the court shows a petitioner is ineligible for relief under section 1170.95 as a matter of law, it may summarily deny the petition. (*Tarkington, supra,* 49 Cal.App.5th at pp. 900-902; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [court may deny petition without appointing counsel where petitioner is indisputably ineligible for relief as a direct perpetrator of second-degree murder.)

5

Here, the finding Cardenas was ineligible for relief was based on a simple application of the statute. Cardenas was not entitled to Senate Bill No. 1437 relief because he was not convicted under a felony murder theory as indicated in the verdict forms. The jury found the felony murder special circumstance not true. Under the circumstances of this case, the trial court was not required to appoint counsel. There was no error.

## DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.

6